In the Matter of JEWISH RECONSTRUCTIONIST SYNAGOGUE OF THE NORTH SHORE, INC., Appellant, v. DAVID M. LEVITAN et al., Constituting the Zoning Board of Appeals of the Incorporated Village of Roslyn Harbor, Respondents. ROBERT GOLD et al., Intervenors-Respondents.— In a proceeding pursuant to article 78 of the CPLR to review respondents' determination, dated November 3, 1971, denying petitioner's application (1) for a permit to use its property for religious purposes and (2) for variances of the Zoning Ordinance of the Village of Roslyn Harbor, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated January 26, 1972, which granted respondents' motion to dismiss the petition upon an objection in point of law. Judgment affirmed, without costs. No opinion. Latham, Acting P. J., Christ and Brennan, JJ., concur; Gulotta and Benjamin, JJ., dissent and vote to reverse the judgment, to reinstate the petition and to direct respondents and the intervenors to answer the petition, with the following memorandum: The Zoning Ordinance of the Village of Roslyn Harbor contains provisions that a church

and parochial school may be located in any district if a special exception is granted by the respondent Board of Appeals (§ 11–2.14); that no building may be used for such purposes unless it is at least 150 feet from any street line and 100 feet from any property line (§ 11–2.14); and that except for said 150- and 100-ft setbacks, all buildings requiring special exceptions shall conform to the height, area and yard requirements of the Zoning Ordinance and with all applicable laws and regulations relating to their construction, location, operation and maintenance (§ 11–2.30). The Zoning Ordinance also contains the usual provision empowering the Board of Appeals to grant variances from the requirements of the Zoning Ordinance (§ 11–2.2). Petitioner, a religious corporation, owns about 2½ acres in a Residence A District of the village. On its property is a residence set back 275 feet from the street, 29.7 feet from one sideline, 100 feet from the other sideline and 200 feet from the rear line. Also on the property is a guest house, set back 22.8 feet from the street. Wishing to convert the main residence to a synagogue and Hebrew school, and to use the guest house as a residence for the school's director, petitioner applied to the Board of Appeals for a special exception to use the property for those purposes, and for variances from (a) the requirement of a 100-foot setback from the sidelines, (b) a provision barring an accessory building in the front yard and (c) the provision in section 11–2.30 which prohibits a special exception unless the structures conform to the height, area and side yard requirements of the Zoning Ordinance. The board denied the application on the ground that it lacked power to grant the requested special exception and variances because the buildings did not meet the initial requirement of a 100-foot setback; and it further held that if it had the power to grant the requested relief it would still deny the application on the merits. Petitioner then instituted this proceeding to annul the board's determination. Without answering the petition, the board moved to dismiss the proceeding on the ground that the board lacked power to grant the requested relief. Special Term granted the motion to dismiss on that ground; and this appeal is from that determination. We believe the dismissal of the petition was erroneous and the judgment of dismissal should be reversed. It is well settled that a religious institution cannot be excluded, directly or indirectly, from a residence zone; and that a zoning ordinance which purports to do so is unconstitutional (*Pelham Jewish Center v. Marsh*, 10 A D 2d 645; *Matter of Westchester Reform Temple v. Brown*, 22 N Y 2d 488). While a community may impose appropriate and reasonable restrictions upon the use of property for religious purposes (*Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton*, 1 N Y 2d 508, 526), it cannot impose unreasonable or inappropriate ones, unrelated to the public welfare, which in effect exclude a proposed religious use from a residence district. And in this connection it must be remembered that "facilities for religious or educational uses are, by their very nature, ' clearly in furtherance of the public morals and general welfare'" (*Matter of Westchester Reform Temple v. Brown*, 22 N Y 2d 488, 493, *supra*); that different considerations apply to them; and that considerations which might properly control commercial structures may not control or even apply to religious structures (*Matter of Westchester Reform Temple v. Brown, supra*, p. 493). The ordinance at bar requires a special exception before property in any district of the village can be used for religious purposes and further provides that no special exception can be granted unless the structures conform to all height, area and yard requirements of the ordinance, as well as all other applicable laws and regulations. As we see it, such ordinance, which makes religious uses a matter of grace, rather than constitutional right, and which further imposes various rigid, nonvariable restrictions on the grant of permission for such use, violates all of

the above-stated rules concerning zoning and religious uses. In effect, it indirectly precludes petitioner's use of its property for religious purposes in this residence district; it makes such use by petitioner a matter of grace, rather than right; and, most important, it purports to prohibit the Board of Appeals from granting a special exception (or even a variance) because petitioner's buildings do not conform to all of the various general zoning requirements — requirements which may be proper with respect to ordinary residence structures, but which may be wholly inapplicable, irrelevant or improper with respect to religious structures and which may bear no substantial relation to public health, safety or welfare. For these reasons, we believe the subject provisions of the Zoning Ordinance are unconstitutional as written and, moreover, are clearly unconstitutional as herein applied. With respect to the procedural question whether constitutionality of the ordinance, as written, is cognizable in an article 78 proceeding, the rule used to be that it was not, but that in such a proceeding it could be held unconstitutional as applied (*Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508, *supra*). But that rule has been modified and today, when constitutionality of a statute or ordinance, as written, is raised in an article 78 proceeding, the court should treat the proceeding as an action for a declaratory judgment and should then determine the issue of constitutionality (*Matter of Kovarsky* v. *Housing & Development Administration of City of N. Y.,* 31 N Y 2d 184). Accordingly, we have the power and duty to hold, here and now, that the subject ordinance is invalid, as written, as well as applied to petitioner's property. There is another aspect of this case that requires discussion. As above noted, petitioner has a constitutional right to use its property for religious purposes in this residence zone; and the power of the village to regulate that use is limited to such restrictions as are reasonable and clearly related to the public health, welfare and safety. As the village cannot bar petitioner's use of its property for religious purposes and can impose only reasonable restrictions on that use, the only remaining question is whether, on the merits, petitioner was entitled to the variances it sought. The Board of Appeals and Special Term have held that the board lacked power to grant a variance (and then a special exception based upon that variance) because the afore-mentioned ordinance provisions stripped it of that discretionary power. We believe this was error. Section 179-b of the Village Law confers full power on Boards of Appeal to grant variances from the requirements of zoning ordinances; and that statutory power cannot be abridged by a local ordinance (*Matter of Bobandal Realties* v. *Worthington,* 21 A D 2d 784, affd. 15 N Y 2d 788). Consequently, in this case the Board of Appeals had the power to grant the requested variances and it was improper for Special Term to dismiss this proceeding on the sole ground that the board lacked such power. As the dismissal was on a motion before answer, and the question of arbitrariness of the board's determination, on the facts, has not yet been put in issue or determined by the courts, we vote to reverse the judgment dismissing the petition and to direct the service of answers by the board and the intervenors.